Stewart, J.,
dissenting. The sole question in this case is whether marriages celebrated in Ohio between first cousins are void.
It seems to me that, where by statute it is provided that persons not nearer of kin than second cousins may be joined in marriage, it follows, under the doctrine of expressio unius est exclusio alterius, that marriages between persons nearer of kin than second cousins are prohibited and, therefore, are illegal and void.
In the majority opinion, much is made of the fact that marriages between first cousins are not void at common law, and that common-law marriages are valid in Ohio. However, a so-called common-law marriage in Ohio can be valid only where it is entered into by parties competent to contract it.
In the case of Umbenhower v. Labus, 85 Ohio St., 238, 97 N. E., 832, the syllabus reads as follows:
“An agreement of marriage in praesenti when made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move, establishes a valid marriage at common law * *
In the case of Johnson v. Wolford, 117 Ohio St., 136, 141, 157 N. E., 385, it is stated in the opinion :
“The courts of this state have for many years recognized the validity of a common-law marriage, and in more than one case have discussed in a general way the essential requirements of a valid common-law marriage. It has been held that the par *362 ties must be competent to enter into the marriage contract; that there must be a contract in words of present tense; and that such contract must be followed by cohabitation. ’ ’
If, then, persons nearer of kin than second cousins may not contract a ceremonial marriage, assuredly they may not enter into a valid contract of common-law marriage.
In the present case, the marriage was a ceremonial one.
The holding in the majority opinion that a marriage in Ohio between first cousins is merely voidable and not void leads to the obvious conclusion that such a marriage is legal unless voided by one of the parties thereto. The resulting situation would be that first cousins having married in Ohio would be living together as husband and wife until such marriage was voided, but either party could void the marriage at any time by simply disavowing it. In my judgment, such a situation would make a mockery of the marriage statute, Section 3101.01, Eevised Code.
Matthias and Bell, JJ., concur in the foregoing dissenting opinion.